1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5
6
7

JABBAR M.,

                    Plaintiff,

8

        v.

9

COMMISSIONER OF SOCIAL
SECURITY,

10

                    Defendant.

Case No. 2:20-cv-01350-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

11
12      Plaintiff has brought this matter for judicial review of Defendant's denial of his

13 application for supplemental security income ("SSI") benefits.

14      The parties have consented to have this matter heard by the undersigned

15 Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

16 MJR 13. For the reasons set forth below, the Administrative Law Judge's ("ALJ")

17 decision is reversed and remanded for further proceedings.

18                        I.    <u>ISSUES FOR REVIEW</u>

19      1. Did the ALJ err by not admitting a medical opinion?
        2. Did the ALJ provide clear and convincing reasons for discounting
20           Plaintiff's testimony?
        3. Did the ALJ properly assess the medical opinion evidence?
21      4. Did the ALJ sufficiently develop the record?
        5. Did the ALJ err in not considering lay witness testimony?
22
23
24
25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 1

1

2        II.        BACKGROUND

3        Plaintiff testified that he began receiving SSI benefits in 2007 due to his

4   schizophrenia and other mental health conditions, and that his benefits were terminated

5   after he was incarcerated in 2015. AR 74-75, 196.

6        Plaintiff filed a new application for SSI on April 14, 2017, alleging he became

7   disabled the same day. AR 15, 167-83. Plaintiff's application was denied initially and

8   upon reconsideration. AR 15, 104-07, 111-13. ALJ Tom Morris held a hearing on

9   September 25, 2018. AR 35-82. On December 21, 2018, ALJ Morris issued a decision

10  finding that Plaintiff was not disabled. AR 12-23. On July 21, 2020, the Social Security

11  Appeals Council denied Plaintiff's request for review. AR 1-6.

        Plaintiff seeks judicial review of ALJ Morris' December 21, 2018 decision. Dkt. 4.

12        III.        STANDARD OF REVIEW

13        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

14  denial of Social Security benefits if the ALJ's findings are based on legal error or not

15  supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874

16  F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a

17  reasonable mind might accept as adequate to support a conclusion.'" *Biestek v.*

18  *Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

19        IV.        DISCUSSION

20        In this case, the ALJ found that Plaintiff had the severe impairments of

21  schizophrenia spectrum and other psychotic disorders and a history of substance

22  addiction disorders. AR 17. Based on the limitations stemming from Plaintiff's

23  impairments, the ALJ found that Plaintiff could perform a full range of work at all

24  exertional levels, but would have a range of work-related mental limitations. AR 19.

25

1   Relying on vocational expert ("VE") testimony, the ALJ found that while Plaintiff

2   did not have any past relevant work, he could perform a range of other light and

3   medium unskilled jobs; therefore the ALJ determined at step five of the sequential

4   evaluation that Plaintiff was not disabled. AR 22-23, 77-79.

5   A.  Whether the ALJ erred by not admitting a medical opinion

6   Plaintiff contends that the ALJ erred by declining to admit an opinion from

7   examining psychologist J. Alex Crampton, Psy.D. because Plaintiff informed the ALJ of

8   his appointment with Dr. Crampton on the day of the hearing. Dkt. 12, pp. 3-8.

9   20 C.F.R. § 416.912 provides that claimants have a duty to "inform [the Social

10  Security Administration] about or submit all evidence" known to them relating to their

11  disability claim, and that this duty "is ongoing" and requires claimants to disclose any

12  additional related evidence about which they become aware.

13  Here, Plaintiff informed the ALJ of his appointment with Dr. Crampton during the

14  scheduled hearing on September 25, 2018, testifying that his appointment was

15  scheduled for later that same day. AR 15, 37. Dr. Crampton issued his opinion on

16  October 2, 2018, and Plaintiff submitted Dr. Crampton's opinion to the agency on

17  October 22, 2018, immediately after he received it. AR 28-34.

18  Under agency regulations, parties must make every effort to ensure that the ALJ

19  receives all of the evidence and must inform the agency about or submit any written

20  evidence no later than five business days before the date of the scheduled hearing. 20

21  C.F.R. § 416.1435(a). If a claimant does not comply with this requirement, an ALJ may

22  decline to consider or obtain the evidence unless one of the exceptions listed in §

23

24

25

416.1435(b) applies. The ALJ found that no exceptions applied, and declined to admit Dr. Crampton's opinion. AR 15.

20 C.F.R. § 416.1435(b) provides that if a claimant has evidence required under § 416.912 but misses the five day deadline described in § 416.1435(a), the administrative law judge "will accept the evidence if he or she has not yet issued a decision and [the claimant] did not inform [the agency] about or submit the evidence before the deadline" if one of several exceptions applies.

The exception relevant to this case provides that the ALJ will accept evidence if some "unusual, unexpected, or unavoidable circumstance beyond [the claimant's] control prevented [the claimant] from informing [the agency] about or submitting the evidence earlier." 20 C.F.R. § 416.1435(b)(3). Examples of such circumstances "include, but are not limited to" serious illness, the destruction of the evidence in question, and an inability to obtain the evidence before the deadline despite an active and diligent effort. 20 C.F.R. § 416.1435(b)(3)(i)-(iv).

Here, Plaintiff informed the ALJ of his appointment with Dr. Crampton during September 25, 2018 hearing, and submitted Dr. Crampton's opinion to the agency on October 22, 2018, immediately after he received it, and approximately two months before the ALJ issued his decision. AR 12-23, 28-34, 265.

Thus, the record shows the evidence in question, Dr. Crampton's opinion, did not exist five days before the administrative hearing.

The regulations cannot be applied to non-existent information. *See. e.g.* 20 C.F.R. § 416.912 ("You must inform us about or submit *all evidence known to you* … [t]his duty is ongoing and requires you to disclose any additional related *evidence about*

1   *which you become aware*") (emphasis added); 20 C.F.R. § 416.1435(a) ("Each party

2   must make every effort to ensure that the administrative law judge *receives all of the*

3   *evidence* and *must inform us about or submit any written evidence*") (emphasis added);

4   *see also* Social Security Ruling ("SSR") 17-4p ("Representatives should not wait until 5

5   business days before the hearing to submit or inform us about *written evidence* unless

6   they have compelling reasons for the delay (e.g., it was impractical to submit the

7   evidence earlier because it was *difficult to obtain* or the representative *was not aware of*

8   *the evidence at an earlier date*") (emphasis added).

9       Nonetheless, Defendant contends that Plaintiff had an obligation to inform the

10  agency of a scheduled appointment with Dr. Crampton five days before the

11  administrative hearing, and that while Plaintiff did not state when he was informed about

12  his appointment, "it was presumably not on the same day the examination took place."

13  Dkt. 13, p. 3.

14      The record is unclear concerning when Plaintiff was informed about his

15  appointment with Dr. Crampton (which was delayed) and Plaintiff testified that he did

16  not think of notifying his representative or the ALJ that he had a mental health

17  evaluation on the day of the hearing. Dkt. 14, p. 2; AR 37.

18      The plain language of the regulations does not impose an obligation on a

19  claimant to inform the agency about appointments that have not yet happened, or

20  written evidence not yet in existence, and therefore the Court finds the Plaintiff had no

21  obligation to submit such evidence.

22      Even if the regulations could be interpreted as requiring a claimant to inform the

23  agency about an appointment for an upcoming psychological evaluation, the fact that

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 5

1  this evidence did not exist prior to the hearing, and the fact that Plaintiff may not even

2  have been aware of his appointment five days before the hearing, would constitute

3  "unavoidable" circumstances beyond Plaintiff's control that prevented the claimant from

4  informing about or submitting the evidence earlier. 20 C.F.R. § 416.1435(b)(3). Further,

5  Plaintiff "actively and diligently sought" this evidence, and submitted it to the agency as

6  soon as it was available. AR 28-34; 20 C.F.R. § 416.1435(b)(3)(iv).

7       Plaintiff testified he didn't think about notifying his representative or the ALJ of his

8  appointment for  mental health evaluation at a later time on the day of the hearing. An

9  individual with severe psychiatric issues (which, according to the record in this case,

10  impact plaintiff's memory, his perception of reality and his ability to consistently pursue

11  treatment) for a lack of diligence in informing his representative and the agency about

12  the date of a scheduled appointment would be patently unfair – chastising a person who

13  has a severe mental illness because they may not be thinking clearly or acting in a way

14  that a person without mental illness might act, would be a questionable practice for the

15  ALJ or for this Court. AR 33, 345; Dkt. 14, p. 2; *see Nguyen v. Chater,* 100 F.3d 1462,

16  1465 (9th Cir. 1996) ("it is a questionable practice to chastise one with a mental

17  impairment for the exercise of poor judgment in seeking rehabilitation" [internal citations

18  omitted]..

19       Accordingly, the ALJ erred by not accepting Dr. Crampton's opinion into evidence

20  pursuant to 20 C.F.R. § 416.1435(b)(3)(iv).

21       B.  Whether the ALJ provided clear and convincing reasons for discounting
          Plaintiff's testimony

22

23       Plaintiff contends that the ALJ erred by not providing clear and convincing

    reasons for discounting his testimony. Dkt. 12, pp. 8-14.

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 6

1        In weighing a claimant's testimony, an ALJ must use a two-step process. *Trevizo*

2   *v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether

3   there is objective medical evidence of an underlying impairment that could reasonably

4   be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763

5   F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no

6   evidence of malingering, the second step allows the ALJ to reject the claimant's

7   testimony of the severity of symptoms if the ALJ can provide specific findings and clear

8   and convincing reasons for rejecting the claimant's testimony. *Id.*

9        In discounting Plaintiff's testimony, the ALJ reasoned that: (1) Plaintiff's

10  allegations concerning his impairments were inconsistent with the medical record; (2)

11  the medical record calls into question the duration and severity of Plaintiff's alleged

12  schizophrenia symptoms; and (3) Plaintiff's allegations were inconsistent with his self-

13  reported activities of daily living. AR 19-21.

14       With respect to the ALJ's first reason, inconsistency with the objective evidence

15  may serve as a clear and convincing reason for discounting a claimant's testimony.

16  *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir.

17  1998). But an ALJ may not reject a claimant's subjective symptom testimony "*solely*

18  because the degree of pain alleged is not supported by objective medical evidence."

19  *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (internal quotation marks

20  omitted, and emphasis added); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995)

21  (applying rule to subjective complaints other than pain).

22       As for the ALJ's second reason, the ALJ has selectively cited the record, which

23  indicates that Plaintiff reported periods of stability and some improvement with

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 7

1    medication, but also reveals that during the period at issue Plaintiff often exhibited

2    hallucinations and other symptoms consistent with schizophrenia. AR 20, 287, 291-96,

3    298, 301-02, 307, 311, 353-57, 359, 366, 369-70, 373-74, 381-82, 384, 428; *Attmore v.*

4    *Colvin*, 827 F.3d 872, 875 (9th Cir. 2016) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098

5    (9th Cir. 1999) (the Court "cannot affirm . . . 'simply by isolating a specific quantum of

6    supporting evidence,' but 'must consider the record as a whole, weighing both evidence

7    that supports and evidence that detracts from the [Commissioner's] conclusion.'");

8    *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (claimants who suffer from

9    mental conditions may have symptoms that wax and wane, with downward cycles,

10   cycles of improvement, and mixed results from treatment).

11        The Court further notes that in evaluating the duration and severity of Plaintiff's

12   schizophrenia symptoms, the ALJ has not, for the reasons discussed below, considered

13   all the relevant medical evidence. *See infra* Section IV.D.

14        Regarding the ALJ's third reason, a claimant's participation in everyday activities

15   indicating capacities that are transferable to a work setting may constitute a clear and

16   convincing reason for discounting that claimant's testimony. *See Morgan v. Comm'r*

17   *Soc. Sec. Admin*., 169 F.3d 595, 600 (9th Cir.1999).

18        Yet, disability claimants should not be penalized for attempting to lead normal

19   lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.

20   1998), citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir.1987) (a disability claimant

21   need not "vegetate in a dark room" in order to be deemed eligible for benefits).

22        Here, the ALJ found that despite Plaintiff's testimony, Plaintiff was able to

23   prepare meals, perform basic household chores, engage in social interaction and utilize

24

25

1    public transportation, babysit his cousin's children, read, play video games, and do

2    some video editing for his cousin. AR 21.

3        Plaintiff's ability to engage in these routine activities of daily living does not

4    constitute a clear and convincing reason for discounting his testimony. *Diedrich v.*

5    *Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-

6    grooming, paying bills, writing checks, and caring for a cat in one's own home, as well

7    as occasional shopping outside the home, are not similar to typical work

8    responsibilities."); *see also Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017)

9    (finding that in cases where there is limited information concerning an individual's

10   childcare responsibilities, the mere fact that a claimant cares for small children does not

11   constitute an adequately specific conflict with her reported limitations, and noting that

12   many home activities are not easily transferable to what may be the more grueling

13   environment of the workplace, where it might be impossible to periodically rest or take

14   medication, as individuals caring for children at home can readily do) (internal citation

15   omitted).

16       Accordingly, the ALJ has not provided clear and convincing reasons, supported

17   by substantial evidence, for discounting Plaintiff's symptom testimony.

18       C.  Whether the ALJ properly assessed the medical opinion evidence

19       Plaintiff contends that the ALJ erred in evaluating the opinion of ARNP

20   Practitioner Marfe Paluga, ARNP. Dkt. 12, pp. 14-16.

21       The regulations regarding evaluation of medical evidence have been amended

22   for claims protectively filed on or after March 27, 2017, such as this one. *See* 20 C.F.R.

23   § 416.920c(c). In the new regulations, the Commissioner rescinded Social Security

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 9

1   Ruling ("SSR") 06-03p and broadened the definition of acceptable medical sources to

2   include Advanced Practice Registered Nurses  (such as an ARNP ), audiologists, and

3   physician assistants. *See* 20 C.F.R. § 416.902; 82 F. Reg. 8544; 82 F. Reg. 15263.

4       Regardless of the change to the regulations, an ALJ's reasoning must be

5   supported by substantial evidence and free from legal error. *Ford v. Saul*, 950 F.3d

6   1141, 1153-56 (9th Cir. 2020) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th

7   Cir. 2008)); *see also Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983).

8       Under 20 C.F.R. § 404.1520c(a), (b)(1)-(2), the ALJ is required to explain

9   whether the medical opinion or finding is persuasive, based on whether it is supported

10  and whether it is consistent. *Brent S. v. Commissioner, Social Security Administration*,

11  No. 6:20-CV-00206-BR, 2021 WL 147256 at *5 - *6 (D. Oregon January 16, 2021).

12      These are the two most important factors in the ALJ's evaluation of medical

13  opinions or findings; therefore, "[t]he 'more relevant the objective medical evidence and

14  supporting explanations presented' and the 'more consistent' with evidence from other

15  sources, the more persuasive a medical opinion or prior finding." *Linda F. v. Saul*, No.

16  C20-5076-MAT, 2020 WL 6544628, at *2 (quoting 20 C.F.R. § 404.1520c(c)(1)-(2)).

17      ARNP Paluga provided an opinion concerning Plaintiff's mental limitations on

18  January 26, 2018. AR 341-45. ARNP Paluga diagnosed Plaintiff with schizophrenia,

19  depression, and anxiety, and opined that Plaintiff would have a range of moderate and

20  marked work-related mental limitations. AR 341-43.

21      ARNP Paluga further opined that Plaintiff would be unable to work full-time, that

22  Plaintiff's psychiatric symptoms would worsen under stress, and that Plaintiff would be

23  15 percent less productive than the average employee. AR 343-44. ARNP Paluga

24

25

1    added that Plaintiff's symptoms were chronic, that mental limitations interfered with

2    Plaintiff's ability to adhere to prescribed treatment, and that while the side effects of

3    Plaintiff's medications were not intolerable, there was a "high risk" that Plaintiff's

4    medication could increase his blood sugar and result in lipid abnormalities. AR 344-45.

5         The ALJ found ARNP Paluga's opinion less persuasive than an opinion from a

6    non-examining state agency psychologist, reasoning that: (1) ARNP Paluga relied

7    heavily on Plaintiff's self-reported symptoms, which are not consistent with the medical

8    record; and (2) ARNP Paluga's opinion concerning the side effects of Plaintiff's

9    medication was not consistent with Plaintiff's own statements elsewhere in the record.

10   AR 21.

11        With respect to the ALJ's first reason, there is nothing to indicate that ARNP

12   Paluga relied more on Plaintiff's statements than her own observations, and for the

13   reasons discussed above, the ALJ did not provide clear and convincing reasons for

14   discounting Plaintiff's testimony. *See supra* Section IV.B.

15        As for the ALJ's second reason, ARNP Paluga's statement concerning the

16   potential side effects of Plaintiff's medication does not impact her assessment of

17   Plaintiff's mental health symptoms, and is not a valid reason for discounting her opinion.

18        Accordingly, the ALJ has not provided valid reasons supported by substantial

19   evidence, for discounting ARNP Paluga's opinion.

20        D.  Whether the ALJ fully developed the record

21        Plaintiff contends that the ALJ erred by not developing the record concerning his

22   prior SSI application. Dkt. 12, p. 18.

23

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 11

1       An ALJ has the duty "to fully and fairly develop the record." *Tonapetyan v. Halter*,

2   242 F.3d 1144, 1150 (9th Cir. 2001) (citations omitted). This duty is triggered when the

3   evidence in the record is ambiguous or inadequate to allow for proper evaluation

4   thereof. *Id.; Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001).

5       Plaintiff contends that he was approved for SSI in 2007 due to his depression

6   and schizophrenia, and that his benefits were terminated in 2015 after he was

7   incarcerated. Dkt. 12, pp. 18-19; AR 74, 196. Plaintiff contends that despite his

8   requests, he has been unable to obtain a copy of his prior file. AR 37.

9       Medical evidence and opinions rendered long before the period at issue can be

10  of limited probative value in ascertaining a claimant's functional capacity after his or her

11  alleged onset date. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165

12  (9th Cir. 2008) (stating that "[m]edical opinions that predate the alleged onset of

13  disability are of limited relevance").

14      However, under Social Security regulations, in order to evaluate an SSI

15  claimant's "complete medical history" the agency is required to consider medical

16  records for "at least" the 12 months preceding the month a claimant files an application.

17  20 C.F.R. § 416.912(b)(1)(ii).

18      Further, under the revised Social Security regulations, ALJs are required to

19  evaluate the persuasiveness of prior administrative findings utilizing the same criteria

20  used to assess medical opinion evidence. 20 C.F.R. § 416.920c.

21      The Social Security Administration's finding that Plaintiff was disabled between

22  2007 and 2015 due to his mental health symptoms, while not necessarily probative of

23  his condition following his alleged onset date (April 14, 2017), does establish that

24

25

Plaintiff has a lengthy history of mental health problems; his condition was previously

sufficient to result in a finding of disability; and his condition might still have been found

to meet the SSA's criteria for disability had he not been incarcerated in 2015, a

conclusion consistent with the opinions of Dr. Crampton and ARNP Practitioner Paluga.

*See supra* Sections IV.A and IV.C.

Accordingly, Plaintiff's prior disability determination constitutes significant,

probative evidence relevant to Plaintiff's current claim, and the existing evidence is

inadequate to allow for proper evaluation of the medical record. On remand, the ALJ

shall develop the record concerning Plaintiff's prior disability claim and the resulting

grant of benefits.

E.   Whether the ALJ erred by not considering a lay witness statement

Plaintiff contends that the ALJ erred by not evaluating a lay witness statement

from his cousin. Dkt. 12, pp. 16-18; AR 214-21. The ALJ noted that he was not required

to evaluate this evidence under the new regulations. AR 22.

For disability claims filed on or after March 27, 2017, such as this one, an ALJ is

"not required to articulate" how he or she evaluated evidence from non-medical sources

such as educational personnel, public and private social welfare agency personnel, and

other lay witnesses. 20 C.F.R. §§ 416.902(e); 416.920c(d).

Accordingly, the ALJ did not err by not considering this evidence.

F.   Remand for Further Proceedings

"'The decision whether to remand a case for additional evidence, or simply to

award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664,

682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If

an ALJ makes an error and the record is uncertain and ambiguous, the court should

remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045

(9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy

the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d

at 668.

The Ninth Circuit has developed a three-step analysis for determining when to

remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative
> proceedings would serve no useful purpose; (2) the ALJ has failed to
> provide legally sufficient reasons for rejecting evidence, whether claimant
> testimony or medical opinion; and (3) if the improperly discredited
> evidence were credited as true, the ALJ would be required to find the
> claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th

Cir. 2014)).

Here, the ALJ erred in evaluating Plaintiff's testimony and the opinion of ARNP

Paluga. The ALJ also erred by not accepting into evidence the opinion of Dr. Crampton

and by not developing the record concerning Plaintiff's prior application and grant of

benefits. Accordingly, the record has not been fully developed, and remand for further

administrative proceedings is the appropriate remedy.

1

<u>CONCLUSION</u>

2      Based on the foregoing discussion, the Court finds the ALJ erred when he found

3  Plaintiff to be not disabled. Defendant's decision to deny benefits is therefore

4  REVERSED and this matter is REMANDED for further administrative proceedings. The

5  ALJ is directed to conduct another hearing, take additional evidence as necessary, and

6  re-evaluate the opinion of ARNP Paluga and Plaintiff's testimony. The ALJ shall

7  evaluate the opinion of Dr. Crampton, and shall develop the record concerning Plaintiff's

8  prior application and grant of benefits.

9      Dated this 27th day of September, 2021.

10

11

12                                    _Theresa L. Fricke_

13                                    Theresa L. Fricke
                                      United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 15